UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE ECHAGUE,<br><br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 12-cv-00640-WHO<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT OR FOR RELIEF FROM JUDGMENT**<br><br>Re: Dkt. No. 142 |

**BACKGROUND**

Defendant TriNet Group, Inc. seeks relief from the June 2, 2014 Judgment, determining that TriNet breached its fiduciary duty to plaintiff, is liable under E.R.I.S.A. (29 U.S.C. § 1132(a)(3)) based on the doctrine of equitable surcharge, and owes plaintiff the face value of his deceased wife's life insurance policies. Docket Nos. 135, 137. It argues that judgment must be altered in light of Ninth Circuit's June 6, 2014 decision in *Gabriel v. Alaska Elec. Pension Fund*, 755 F.3d 647 (9th Cir. June 6, 2014). But because *Gabriel* is not settled law in the Ninth Circuit and it is distinguishable on its facts, TriNet's motion is DENIED.

**LEGAL STANDARD**

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted when the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law. *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir.2008) (citation omitted). Similarly, Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a court order where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence

could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981).

**DISCUSSION**

As an initial matter, *Gabriel* is not settled law in the Ninth Circuit as it is not yet final. *See, e,g., Carver v. Lehman*, 558 F.3d 869, 879 & n.6 (9th Cir. 2009) ("No opinion of this circuit becomes final until the mandate issues" and recognizing that reliance on a non-final decision is a "gamble"); *United States v. Ruiz*, 935 F.2d 1033 (9th Cir. 1991) (while a petition for rehearing pending, decision "was not yet fixed as settled Ninth Circuit law"). A petition for rehearing or rehearing en banc has been requested. The panel opinion was issued over a strong dissent. The Department of Labor and other amici contend, among other arguments, that the panel's decision is in conflict with other Courts of Appeals. Those factors caution against relying on *Gabriel* as settled law.

But if *Gabriel* represents settled law in the Ninth Circuit, it is sufficiently distinguishable that this Court need not amend its judgment. Critical to the *Gabriel's* panel's decision that equitable surcharge was not appropriate under principles of trust law was that Mr. Gabriel was *not* entitled to trust benefits under the plan at issue. *Gabriel*, 755 F.3d at 665 ("the defendants merely prevented Gabriel from receiving benefits that he was not entitled to receive under the Plan"). As a result, the *Gabriel* panel found that any recovery by Gabriel would "wrongfully deplete" the trust (pension plan) and reduce the amount available for other eligible beneficiaries. *Id*. Here, however, Carol Echague was a beneficiary under the Plan and entitled to benefits *but for* the breach of fiduciary duty by TriNet. Moreover, payment to plaintiff here would not deplete the trust or harm any other participants in MetLife life insurance policies.

Relatedly, there is a significant distinction between the classic trust at issue in *Gabriel* – a pension plan – and the life insurance policies at issue in this case. Strict application of the

2

*Gabriel's* holding regarding equitable surcharge makes sense in the context of a pension plan, especially where payments for breaches of fiduciary duty to non-beneficiaries would result in a depletion of the trust. It does not apply here, where TriNet was the Plan Administrator who breached its fiduciary duties but MetLife is the Claims Administrator and funder of the insurance policies at issue. The surcharge against TriNet will not harm any trust (or life insurance fund) or current beneficiary under the Plan but *will* put plaintiff back where he would have been had TriNet not breached its duty. *Cf. Gabriel*, 755 F3d at 665 (the "'beneficiary can pursue the remedy that will put the beneficiary in the position he or she would have attained but for the trustee's breach.'" (quoting *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1166 (9th Cir. 2012)).

This leads to yet another important distinction between *Gabriel* and this case. In *Gabriel*, there was no determination that a trustee had breached a fiduciary duty. Indeed, the Court found that by refusing to pay Gabriel benefits he was *not* entitled to receive under the plan, the trustee "appropriately discharged the fiduciaries' duty to act 'solely in the interest of the participants and beneficiaries,' the individuals eligible to receive such benefits from the Fund. 29 U.S.C. § 1104(a)(1)." *Id*. Here, TriNet breached an important duty – the duty to provide full and accurate information to a beneficiary in response to very specific questions about her benefits. TriNet does not challenge the Court's determination on that issue, although it asks the Court to wipe that determination from the record. Motion at 9 ("Specifically, TriNet requests that the Order be modified to find that the equitable remedy of surcharge is not available, thereby obviating the need to address the alleged breaches of fiduciary duty, and enter judgment in favor of TriNet.").

Moreover, in *Gabriel* the panel noted that the plan had given accurate, clear notice to Gabriel that he was not eligible for benefits. *Id*. at 652. No clear notice of the termination of Carol Echague's life insurance benefits was provided in this case. Finally, unlike in *Gabriel* where there was no harm to a true beneficiary of the plan, TriNet's breached caused a significant harm to Carol Echague and her estate.

3

## CONCLUSION

For the foregoing reasons, the Court DENIES TriNet's motion to alter, amend or reconsider the judgment entered in plaintiff's favor. Docket Nos. 135, 137.

**IT IS SO ORDERED**.

Dated: August 22, 2014



WILLIAM H. ORRICK
United States District Judge